IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILLIE EARL THAMES,<br>SPN #02593350,<br><br>      Plaintiff,<br><br>v.<br><br>HARRIS COUNTY JAIL,<br><br>      Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. H-19-0944 |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Willie Earl Thames, Jr. (SPN #02593550) has filed a Complaint for Violation of Civil Rights under 42 U.S.C. § 1983 ("Complaint") (Docket Entry No. 1), concerning conditions of his confinement at the Harris County Jail, which is operated by the Harris County Sheriff's Office ("HCSO"). At the court's request Thames supplemented his pleadings with Plaintiff's More Definite Statement ("Plaintiff's MDS") (Docket Entry No. 9). Now pending before the court is Defendant Harris County Sheriff Ed Gonzalez's Motion for Summary Judgment ("Defendant's MSJ") (Docket Entry No. 14). Thames has not filed a response and his time to do so has expired. After considering all of the pleadings, the exhibits, and the applicable law, the court will grant Defendant's MSJ and will dismiss this action for the reasons explained below.

## I. Background

Thames was booked into the Harris County Jail (the "Jail") in Houston, Texas, in July of 2018.¹ He has been charged with murder in Harris County Cause Number 159963401010, which is pending in the 230th District Court for Harris County, Texas.² Thames executed the pending Complaint on March 6, 2019, while confined as a pretrial detainee at the Jail.³ Invoking 42 U.S.C. § 1983, Thames seeks unspecified compensatory damages for the denial of medical and dental care as well as access to the law library at the Jail.⁴

Thames alleges that "his medical needs for ulcerative colitis were neglected" and that he was denied care for a "flare up" of this condition that started in October 2018.⁵ Thames explains that he controls this chronic condition by maintaining a "proper diet," but that when a flare up occurs he has needed "IV fluids, steroids, [and] pain medications" in the past.⁶ Thames acknowledges that he was treated at the Jail, but he contends that unidentified medical

---

¹Plaintiff's MDS, Docket Entry No. 9, p. 1. For purposes of identification, all page numbers reference the pagination imprinted by the court's electronic filing system, CM/ECF.

²Plaintiff's MDS, Docket Entry No. 9, p. 1.

³Complaint, Docket Entry No. 1, pp. 4, 11.

⁴Id. at 5.

⁵Id. at 5; Plaintiff's MDS, Docket Entry No. 9, p. 2.

⁶Plaintiff's MDS, Docket Entry No. 9, p. 3.

personnel at the Jail denied him adequate medication for lower abdominal pain and blood in his stool, which he attributes to ulcerative colitis.[7] Thames alleges further that he was "feeling dehydrated" and "may have needed IV fluids," but did not receive them.[8]

Thames alleges that he was also denied adequate care, or that care was delayed, for a broken tooth that he sustained in December of 2018, when another inmate assaulted him.[9] Thames explains that received no care and no pain medication until the tooth was removed in March 2019.[10]

Thames alleges further that he was "unable to utilize [the] law library" at the Jail when he asked to do so between September of 2018 and April of 2019.[11] Thames explains that he wanted to use the law library to study cases in connection with his defense against the criminal charges pending against him.[12]

Thames has not identified any individual officer, official, or health care provider, but has named the "Harris County Jail" as the

---

[7] Id. at 5.

[8] Id. at 5-6.

[9] Complaint, Docket Entry No. 1, p. 5; Plaintiff's MDS, Docket Entry No. 9, p. 4.

[10] Plaintiff's MDS, Docket Entry No. 9, p. 6.

[11] Complaint, Docket Entry No. 1, p. 5; Plaintiff's MDS, Docket Entry No. 9, p. 7.

[12] Plaintiff's MDS, Docket Entry No. 9, p. 7.

only defendant.[13] The court construed the Complaint as one against Harris County and ordered service of process on Sheriff Ed Gonzalez.[14] On behalf of Harris County, Sheriff Gonzalez now moves for summary judgment and argues that the Complaint should be dismissed because records show that Thames has received both medical and dental care pursuant to policies in place at the Jail.[15] Sheriff Gonzalez also presents records showing that Thames has had both direct access to the law library and indirect access through the Jail's library cart system, noting further that Thames is represented by counsel in his criminal proceeding.[16]

## II. **Standard of Review**

Defendant's MSJ is governed by Rule 56 of the Federal Rules of Civil Procedure. Under this rule a reviewing court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2552 (1986) (quoting and discussing former Rule 56(c)). A fact is "material" if its resolution in favor of one party might affect the outcome of the

---

[13]Complaint, Docket Entry No. 1, pp. 1, 2.

[14]See Order for Service of Process, Docket Entry No. 10, pp. 1-2.

[15]Defendants' MSJ, Docket Entry No. 14, pp. 4-6.

[16]Id. at 6-7.

suit under governing law. <u>Anderson v. Liberty Lobby, Inc.</u>, 106 S. Ct. 2505, 2510 (1986). An issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. <u>Id.</u>

In deciding a summary judgment motion the reviewing court must "construe all facts and inferences in the light most favorable to the nonmoving party." <u>Dillon v. Rogers</u>, 596 F.3d 260, 266 (5th Cir. 2010) (internal quotation marks and citation omitted). However, the non-movant cannot avoid summary judgment simply by presenting "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation." <u>Jones v. Lowndes County, Mississippi</u>, 678 F.3d 344, 348 (5th Cir. 2012) (quoting <u>TIG Insurance Co. v. Sedgwick James of Washington</u>, 276 F.3d 754, 759 (5th Cir. 2002)); <u>see also</u> <u>Little v. Liquid Air Corp.</u>, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (a non-movant cannot demonstrate a genuine issue of material fact with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence). If the movant demonstrates an "absence of evidentiary support in the record for the nonmovant's case," the burden shifts to the nonmovant to "come forward with specific facts showing that there is a genuine issue for trial." <u>Sanchez v. Young County, Texas</u>, 866 F.3d 274, 279 (5th Cir. 2017) (per curiam) (citing <u>Cuadra v. Houston Independent School Dist.</u>, 626 F.3d 808, 812 (5th Cir. 2010)); <u>see also</u> <u>Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.</u>, 106

S. Ct. 1348, 1356 (1986).

The plaintiff proceeds pro se in this case. Courts construe pleadings filed by pro se litigants under a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 92 S. Ct. 594, 596 (1972) (per curiam); see also Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) ("A document filed pro se is 'to be liberally construed[.]'") (quoting Estelle v. Gamble, 97 S. Ct. 285, 292 (1976)). Nevertheless, "pro se parties must still brief the issues and reasonably comply with [federal procedural rules]." Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995) (citations omitted). The traditional standard of leniency toward pro se pleadings does not excuse a pro se plaintiff from the "burden of opposing summary judgment through the use of competent summary judgment evidence." Malcolm v. Vicksburg Warren School District Board of Trustees, 709 F. App'x 243, 246 (5th Cir. 2017) (per curiam) (citing Davis v. Fernandez, 798 F.3d 290, 293 (5th Cir. 2015) ("Of course, this is not to say that pro se plaintiffs don't have to submit competent evidence to avoid summary judgment, because they do.")).

### III. Discussion

**A. Municipal Liability Under 42 U.S.C. § 1983**

The pleadings do not allege personal involvement by Sheriff Gonzalez or any other official. Sheriff Gonzalez correctly notes that Harris County is the real party in interest and, as such, any

claims against him in his official capacity are subject to dismissal as redundant. See Kentucky v. Graham, 105 S. Ct. 3099, 3105-06 (1985) (explaining that an official-capacity suit under 42 U.S.C. § 1983 is "not a suit against the official personally, for the real party in interest is the entity") (emphasis in original); Drabek v. Lawson, 7 F.3d 229, 1993 WL 413853, at *2 (5th Cir. 1993) (unpublished) (characterizing claims against city officials in their official capacity as "surplusage" where the city was "the only true defendant").

As a municipality, Harris County cannot be held liable under 42 U.S.C. § 1983 under a theory of respondeat superior or vicarious liability for wrongdoing by a municipal employee. See Monell v. Dep't of Social Servs., 436 U.S. 658, 691 (1978). A municipality is only liable under § 1983 for acts that are "directly attributable to it 'through some official action or imprimatur.'" James v. Harris County, 577 F.3d 612, 617 (5th Cir. 2009) (quoting Piotrowski v. City of Houston, 237 F.3d 567, 578 (5th Cir. 2001)). At a minimum, a plaintiff must allege facts identifying the following essential elements: (1) an official policymaker; (2) an official policy; and (3) a violation of constitutional rights whose moving force is the policy at issue. See Piotrowski, 237 F.3d at 578.

**B.   The Claims About Lack of Medical and Dental Care**

Thames alleges that he was denied adequate medical care for

ulcerative colitis and that he was denied prompt dental care for a broken tooth at the Jail. In response to this allegation, Sheriff Gonzalez has provided a copy of the policy on "Inmate Health are Access" that establishes procedures for all inmates at the Jail to receive "medical services," which includes dental, optical, and mental heath care.[17] Under this policy, "professional health care" is available to "all inmates" regardless of their "ability to pay."[18] Inmates may access care from Jail health care providers by a variety of means, including the use of a "Sick Call Request" form, which can be filled out by the inmate or by staff if assistance is needed, or by contacting a deputy or staff member, who may ask "security staff" to escort the inmate to the clinic as necessary in an emergency.[19]

In addition to medical care, the policy specifically provides that "[d]ental services shall be available to all inmates."[20] An inmate who requires dental care may submit a request to "Heath Services personnel," who will ensure that his name is placed on the "dental list" so that he can be escorted to the clinic.[21] In the event of a "dental emergency," medical personnel at the clinic

---

[17]Defendant's MSJ, Exhibit A, HCSO Policy CJC-212, Docket Entry No. 14-1, pp. 1-7.

[18]Id. at 1.

[19]Id. at 1-2.

[20]Id. at 5.

[21]Id. at 6.

shall determine the extent of the problem and "initiate the appropriate action to resolve the emergency."[22]

Sheriff Gonzalez has provided an affidavit from Dr. Laxman Sunder, who serves as the Interim Executive Director for the Health Services Division at the Jail.[23] Dr. Sunder notes that the policies and procedures in place for receiving care at the Jail have been continually reviewed and accredited by the National Commission on Correctional Health Care ("NCCHC") and the Texas Commission on Jail Standards.[24] In response to Thames's allegations, Dr. Sunder explains that Harris County relied on the "licensed medical providers who evaluated and provided care" to Thames under the existing policy "based on their medical judgment" and their perception of his condition at the time of their evaluation.[25]

According to Sheriff Gonzalez, Thames's medical records are in excess of 600 pages.[26] Dr. Sunder reports that, based on his review of these records, Thames has used the Sick Call Request system numerous times to access care by health care providers during the

---

[22] Id.

[23] Defendant's MSJ, Exhibit E, Affidavit of Laxman Sunder, M.D. ("Sunder Affidavit"), Docket Entry No. 14-5, pp. 1-2.

[24] Id. at 1.

[25] Id. at 2.

[26] Defendant's MSJ, p. 5.

-9-

period of time relevant to his Complaint.²⁷ Thames has been offered a special diet and "appropriate medications," which he continues to receive.²⁸ In addition to medication, Thames has seen dental providers for his complaints of tooth pain and was given a "specialist appointment at Harris Health, which he declined."²⁹ Dr. Sunder notes further that "[m]ultiple laboratory draws were done that showed he had no signs of dehydration[]," meaning that IV fluids were not necessary.³⁰

Thames has not responded to the motion for summary judgment or refuted the evidence provided by Sheriff Gonzalez, which reflects that Thames has received medical as well as dental care and that he continues to receive care for his chronic condition. The bare allegations found in his pleadings are insufficient to show that he was denied medical or dental care by any particular individual employed at the Jail with deliberate indifference to a serious need under the legal standard that applies to pretrial detainees. See Hare v. City of Corinth, Mississippi, 74 F.3d 633, 639 (5th Cir. 1996) (en banc); see also Thompson v. Upshur County, Texas, 245 F.3d 447, 457 (5th Cir. 2001) ("[P]retrial detainees have a

---

²⁷Sunder Affidavit, Docket Entry No. 14-5, p. 2.

²⁸Id.

²⁹Id.

³⁰Id.

constitutional right, under the Due Process Clause of the Fourteenth Amendment, not to have their serious medical needs met with deliberate indifference on the part of the confining officials."); Domino v. Texas Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001) (observing that the deliberate indifference standard is an "extremely high" one to meet). To the extent that Thames takes issue with the level of treatment that he has received, the Fifth Circuit has held that mere disagreement with medical treatment does not state a claim for deliberate indifference to serious medical needs. See Stewart v. Murphy, 174 F.3d 530, 535 (5th Cir. 1999); Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997).

More importantly, Thames has not demonstrated that there is a direct link between any alleged denial of care and the policy on Inmate Health Care Access established by Harris County. Absent a "direct causal link" between the municipal policy and the alleged constitutional deprivation, Thames does not establish that he has a valid claim for the denial of medical or dental care against Harris County. See James, 577 F.3d at 617 (citations omitted). Accordingly, the motion for summary judgment on this issue will be granted.

C.  **The Claim About Lack of Access to a Law Library**

Thames alleges that he was denied access to the law library at

the Jail to study cases in support of his defense to the criminal charges pending against him. The Supreme Court has held that "the fundamental constitutional right of access to courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds v. Smith, 97 S. Ct. 1491, 1498 (1977). However, the Supreme Court subsequently clarified that there is no "abstract, freestanding right to a law library or legal assistance," and that an inmate cannot demonstrate the requisite actual injury for an access-to-courts claim "simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." Lewis v. Casey, 116 S. Ct. 2174, 2180 (1996). To state a claim, the inmate "must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." Id. At a minimum, "a prisoner must demonstrate that he suffered 'actual injury' in that the prison 'hindered his efforts' to pursue a nonfrivolous action." DeMarco v. Davis, 914 F.3d 383, 387 (5th Cir. 2019) (citations omitted).

In response to the Complaint in this case Sheriff Gonzalez has provided the Inmate Law Library policy, which states that its primary purpose is to support the right of access to the courts as follows:

> The Law Library within the Harris County Jail assists in accomplishing "Access to Courts." The law library provides services to, and for, all HCSO Inmates. All inmates are afforded some type of access to a meaningful law library that, at a minimum, contains self-help publications, pertinent case law, codes, rules, and fill-in-the-blank legal forms. Depending on the classification of the inmate, he or she will either be given direct or indirect access to the law library. Inmates with indirect law library access are delivered legal research materials upon request to their housing location via the "legal cart." The use of the Inmate Law Library is based on the breakdown of classification within the facility and the number of spots available during the stated hours of operation.[31]

The policy of providing inmates with access to legal materials "can be satisfied either through appointed counsel, access to a law library, or access to legally trained paraprofessionals," noting that paralegals employed in the law library are there to assist the inmates in legal research, but may not give legal advice.[32] Notary services are also available without any charge under the policy that governs the inmate law library.[33]

Sheriff Gonzalez has also provided the "Law Library - Post Orders" policy that establishes procedures for access and governs tasks to be performed by law library personnel at libraries, which are available at each jail facility, including those located at:

---

[31]Defendant's MSJ, Exhibit B, HCSO Policy CJC-214, Docket Entry No. 14-2, p. 2.

[32]Id.

[33]Id.

701 North San Jacinto, 1200 Baker Street, and 1307 Baker Street.[34] This policy, which was "developed to conform to the requirements of the Harris County Sheriff's Office in the area of general security," establishes that access is determined by the Law Library Supervisor based on "the current schedules and demands of the Harris County Jail."[35]

In addition, Sheriff Gonzalez has provided an affidavit from Detention Sergeant Shaun Ward, who has been the Law Library Supervisor at the Jail since 2016.[36] Ward notes that the policies and procedures governing law library access at the Jail are "in accordance with" standards outlined by the American Correctional Association ("ACA").[37] Ward states that when Thames was assigned to the Jail facility located at 1200 Baker Street Thames and other inmates in his cell block were provided with indirect access to the law library by a detention officer or paralegal going to his cell block and providing requested materials through the library cart system.[38] Ward acknowledges that he spoke to Thames regarding

---

[34]Defendant's MSJ, Exhibit C, HCSO Policy CJC-725, Docket Entry No. 14-3, pp. 1-7.

[35]Id. at 1.

[36]Defendant's MSJ, Exhibit F, Affidavit of Shaun Ward ("Ward Affidavit"), Docket Entry No. 14-6, pp. 1-2.

[37]Id. at 2.

[38]Id. at 1.

grievances that Thames filed on May 1, 2019, and May 9, 2019, regarding the adequacy of this system.[39] Although the grievances were determined to be "unfounded," Ward notes that he subsequently made an hour per week available for inmates in Thames's cell block to attend the law library at the 1200 Baker Street facility.[40] Consistent with the procedures on access to the law library, Ward advised Thames that he could request additional law library time through the court if more time as needed.[41] After May 9, 2019, Thames was assigned to the Jail at 701 North San Jacinto, where he has had direct access to the law library.[42]

Thames does not refute the evidence showing that he was afforded with indirect access to the law library through the cart system and that he was later afforded direct access to the law library after he submitted grievances. Other than "mental anguish" or stress associated with facing criminal charges, he identifies no actual injury or prejudice as a result from any lack of access to

---

[39] Id.

[40] Id. at 1-2.

[41] Id. at 2; Defendant's MSJ, Exhibit C, HCSO Policy CJC-725, Docket Entry No. 14-3, p. 2 (procedures for requesting "Additional Law Library/Legal Cart Service Time," which include making a motion for additional time with the court having jurisdiction over his pending case).

[42] Ward Affidavit, Docket Entry No. 14-6, p. 2.

the law library.⁴³ His failure to allege an actual injury precludes a claim for denial of access to courts. See Lewis, 116 S. Ct. at 2180; DeMarco, 914 F.3d at 387-88.

Moreover, the pleadings confirm that Thames is represented by counsel in connection with the criminal charges pending against him.⁴⁴ The Fifth Circuit has concluded that inmates who are represented by counsel have no right to go to the law library to work on their own criminal cases. See Dickinson v. TX, Fort Bend County, 324 F. App'x 389, 390 (5th Cir. 2009) (per curiam) ("Because Dickinson had court-appointed counsel to represent him, he did not have a constitutional right of access to a law library to prepare his criminal defense.") (citing DeGrate v. Godwin, 84 F.3d 768, 769 (5th Cir. 1996)); see also Caraballo v. Federal Bureau of Prisons, 124 F. App'x 284, 285 (5th Cir. 2009) (per curiam) (holding that a federal inmate with court-appointed counsel on direct appeal had no constitutional right of access to a law library to work on his own defense or assist his counsel in doing so). Under these circumstances, Thames does not demonstrate that he was denied his constitutional rights due to any lack of access to a law library or that the Jail policies are inadequate. Absent such a showing, the motion for summary judgment on this issue will

---

⁴³Plaintiff's MDS, Docket Entry No. 9, p. 7.

⁴⁴Id. at 2.

be granted.

Because Thames has not established that he has a valid claim for relief against Sheriff Gonzalez or Harris County under 42 U.S.C. § 1983, this action will be dismissed.

### IV. Conclusion and Order

Accordingly, the court **ORDERS** as follows:

1. Defendant Harris County Sheriff Ed Gonzalez's Motion for Summary Judgment (Docket Entry No. 14) is **GRANTED,** and this action will be dismissed with prejudice.

2. A separate final judgment will issue.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this the 1st day of April, 2020.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE